IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

HUBERT L. HAMILTON,

    Plaintiff,

v.    ) Civil Action No

TSA STORES, INC. t/a SPORTS AUTHORITY,

    Defendant

## NOTICE OF REMOVAL

COMES NOW Defendant TSA Stores, Inc. t/a Sports Authority ("TSA"), and respectfully shows to the Court as follows

TSA desires to exercise its right under the provisions of 28 U.S.C. § 1441 to remove this action from the Circuit Court for Frederick County, Maryland, which is now pending in that court under the name and style *Hubert L. Hamilton v. TSA Stores, Inc. t/a Sports Authority*, Civil Action File No. 10-C-05-000052 OC

2.    The United States District Court for the District of Maryland has jurisdiction by reason of the diversity of citizenship of the parties.

3    At the time of the commencement of this action in the Circuit Court for Frederick County, Maryland, and since that time, Defendant TSA was and remains a corporation organized and incorporated under the laws of the state of Delaware, having its principal place of business in the state of Colorado

4. At the time of the commencement of this action in the Circuit Court for Frederick County, Maryland, and since that time, Plaintiff Hubert L. Hamilton ("Hamilton") was and remains a citizen of the state of Maryland.

5. The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

6. On January 7, 2006, Hamilton filed an Amended Complaint in the Circuit Court for Frederick County, Maryland. Hamilton's Amended Complaint changed his damages claim from an amount not to exceed "$74,999" to an unlimited amount. Thus, only after Hamilton filed his Amended Complaint was it ascertainable that Hamilton's case was removable.

7. In accordance with the requirements of 28 U.S.C. § 1446(b), TSA files this Notice of Removal within 30 days after its receipt of the Amended Complaint.

8. Although 28 U.S.C. § 1446(b) speaks to limiting removal on the basis of diversity jurisdiction where the action has been pending for more than one year, in Wise v. Gallagher Bassett Services, Inc., 2002 WL 2001529 (D. Md. Aug. 27, 2002) (Motz, J.), this Court held that "Congress did not intend to permit forum manipulation when it enacted [this limitation]." (collecting cases supporting this finding) Wise v. Gallagher Bassett Services, Inc. is attached hereto as Exhibit 1. As the Wise Court found in rejecting a plaintiff's attempt to raise the aforementioned one-year limit,

---

[1] The amendments Hamilton made to his Complaint were not highlighted as per Maryland Rule 2-341(e), thus making it difficult to readily ascertain his specific amendments. This was especially so given the subtle nature of his amendments. See infra at n.2.

> It would be disrespectful to Congress to conclude that it contemplated that a litigant's right to a federal forum could be defeated simply by an adverse party employing the stratagem of secreting the federal nature of a claim by failing to claim before the one-year limit established by § 1446(b) the true amount of damages she is seeking.

2002 WL 2001529, *1

9.  Like the plaintiff in Wise, Hamilton plainly has engaged in "forum manipulation" in an effort to defeat TSA's right to a federal forum. Indeed, Hamilton's Amended Complaint does not contain any allegation that he uncovered additional information concerning his alleged damages that would justify his sudden removal of his "$74,999" cap on damages.[2] Yet, Hamilton conveniently waited until 1 year and 3 days after originally filing his Complaint to allege damages sufficient to confer diversity jurisdiction  Thus, Hamilton may not object to removal of this action based upon the aforementioned one-year limitation. Wise, 2002 WL 2001529, *

10. Pursuant to the provisions of 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders received by TSA is filed herewith.

11  By reason of the foregoing, TSA desires and respectfully submits that it is entitled to have this action removed from the Circuit Court of Frederick County to the United States District Court for the District of Maryland, Northern Division, such being the district and division where said suit is pending

---

[2] In fact, the only other amendment to Hamilton's Complaint changes TSA's alleged liability from being "direct" to being either "direct" or "indirect" through unnamed "agents and/or partners." See Amended Complaint at ¶¶ 18 and 20.

12.  TSA will give written notice of the filing of this Notice to Hamilton as required by law.

13. TSA will file a copy of this Notice with the Clerk of the Circuit Court for Frederick County, Maryland as required by law. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 2.

14.  The undersigned have read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry, it is well grounded in fact; as warranted by existing law or an extension or modification of existing law; and is not interposed for any improper purposes.

WHEREFORE, TSA prays that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

**Respectfully submitted this** \_\_6th\_\_ day of February, 2006.

>Stewart McNab
>Carver, Kirchhoff, Schwarz, McNab & Bailey, LLC
>1600 Stout Street, Suite 1700
>Denver, CO 80202
>Telephone:   303-893-1819
>Facsimile:   303-893-1829
>(To seek admission *Pro Hac Vice*)
>
>_____
>Michael W. Skojec, Fed. Bar No. 03735
>Brian T. Tucker, Fed. Bar No. 27485
>Gallagher Evelius & Jones LLP
>218 N. Charles Street
>Baltimore, Maryland 21201
>Telephone:   410-727-7702
>Facsimile:   410-468-2786
>
>*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

HUBERT L. HAMILTON,

    Plaintiff,                  )
                            )
    v.                           ) Civil Action No. _____
                            )
TSA STORES, INC. t/a SPORTS )
AUTHORITY,

    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing NOTICE OF REMOVAL was hand-delivered to:

        Scott C. Borison, Esquire
        Mary T. Szeluga, Esquire
        Legg Law Firm, LLC
        5500 Buckeystown Pike
        Frederick, MD 21703

*Attorneys for Plaintiff*

This __6th__ day of February, 2006.

_____
Brian T. Tucker

# 293963 BTT
012084-0001