FD

# IN THE CIRCUIT COURT OF FREDERICK COUNTY, MARYLAND

| | |
|---|---|
| Hubert L. Hamilton, | ) |
| 4 Stoney Mine Ct. | ) |
| Thrmont MD 21788, | ) |
| Plaintiff, | ) |
| v. | ) NO. |
| | ) |
| TSA Stores, Inc.    . | ) |
| t/a Sports Authority | ) |
| R/A CT Corp. | ) |
| 300 E. Lombard St. | ) |
| Baltimore MD 21202 | ) |
| | ) |
| Defendant | ) |

L06CV 317

## COMPLAINT

### PARTIES

1. The plaintiff, Hubert Hamilton ("Plaintiff" or "Hamilton"), is a Maryland resident and consumer.

2. Defendant, TSA Stores, Inc. t/a Sports Authority ("TSA") is a Delaware corporation engaged in the retail business in the State of Maryland and has store in Frederick County, Maryland.

3  Defendant TSA is a "collector" as defined by the Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Annotated Code, Commercial Law Article, § 14-201(b).

### FACTUAL ALLEGATIONS RELATING TO
### DEFENDANT'S IMPROPER AND UNLAWFUL ACTS

5  Hamilton went to TSA in December, 2003. While there, he saw a piece of sports equipment. He inquired whether or not the item could be delivered within one week.

6.  He was assured that the item could be delivered within one week's time. Based on this representation, he agreed to buy the item.

TSA offered a no interest payment plan in connection with the purchase of the item.

8.  TSA contacted him and told him that it would not be able to deliver the item within the promised

one week period. Plaintiff advised TSA to cancel the order since he would not be home for any delivery beyond the one week period.

9.     Thereafter, he began receiving bills from the defendant entity demanding payments for the item that was cancelled by the plaintiff.

10.    Plaintiff contacted the store and spoke to someone who identified himself as a supervisor at TSA. The supervisor assured him the error would be corrected.

12.    Hamilton continued to receive bills despite the assurance the problem would be corrected.

13.    In addition to the bills, Hamilton began to receive a barrage of phone calls from persons demanding payment on a bill which he did not owe.

14.    The phone calls have continued and included early morning phone calls on weekends, including Sunday mornings.

15.    The defendant has published false information to third parties that the plaintiff owes money and has failed to timely pay his debts.

16.    The false information has been published to credit reporting agencies.

## COUNT I

### *Violation of the MDCPA*

17.    Plaintiff incorporates the foregoing allegations.

18.    Defendant has engaged in acts that violate the MDCPA.

## COUNT II

### *Defamation*

19.    Plaintiff incorporates the foregoing allegations.

2

20.     The defendant has defamed the plaintiff by knowingly and intentionally publishing false information about the plaintiff to third parties who reasonably recognize the information is defamatory with the intent to injure the plaintiff.

21.     Plaintiff has been damaged by the defendant's actions.

## COUNT III

### *Violation of the Maryland Consumer Protection Act ("MCPA")*

22. Plaintiff incorporates the foregoing allegations.

23. The Defendant's violation of the MDCPA constitutes a violation of the Maryland Consumer Protection Act pursuant to Sec. 13-301 (14)(iii).

WHEREFORE, Plaintiff prays that this court grant him the following relief on his complaint:

a. Award him compensatory and exemplary damages not less than $25,000 but not more than **$74,999.00;**

b. Grant such other or further relief that the plaintiff may be entitled to under applicable laws and that the nature of his cause may require.

Respectfully Submitted,

Scott C. Borison, Esq.
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, Maryland 21703
(301) 620-1016; Fax: (301) 620-1018
*Attorneys for Plaintiff*

3

REQUEST FOR TRIAL BY JURY

Plaintiff requests   trial by jury of any claims that may be determined by a jury

_____

Scott C. Borison